IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>PATRICK BUSH,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT<br><br><br>Case No. 2:01-CR-739 TS |

      This matter is before the Court on Defendant Bush's Motion for Modification of Term of Imprisonment. This is the latest in a number of attempts by Defendant to reduce his sentence. Defendant argues that the Court incorrectly calculated his criminal history category and that his sentence should be reduced accordingly. For the reasons discussed below, the Court finds that Defendant's latest Motion is a successive petition under 28 U.S.C. § 2255. The Court finds that it is not in the interest of justice to transfer Defendant's petition and, thus, will dismiss the action for lack of jurisdiction.

I.  BACKGROUND

On February 26, 2003, Petitioner was charged in a five-count Superseding Indictment.[1] Defendant proceeded to a three-day jury trial on June 4, 2003, where he was found guilty on all counts.[2] Defendant was sentenced on September 23, 2003, to a term of imprisonment of 188 months.  At sentencing, Defendant made one objection to his criminal history category, but it is not the same objection being made here.[3]  Judgment was entered the following day.[4]

Defendant filed a direct appeal.[5]  Defendant made various arguments on appeal, but did not raise the argument made in his current Motion.[6]  The Judgment of the Court was affirmed on April 26, 2005.[7]

Defendant filed his first § 2255 Motion on August 1, 2005.[8]  In his first § 2255 Motion, Defendant argued that his counsel was ineffective for failing to properly advise him during the plea process and for failing to object to a prior conviction at sentencing.  Defendant did not argue

---

[1] Case No. 2:01-CR-739 TS, Docket No. 64.

[2] Case No. 2:01-CR-739 TS, Docket No. 102.

[3] Case No. 2:01-CR-739 TS, Docket No. 120.

[4] Case No. 2:01-CR-739 TS, Docket No. 123.

[5] Case No. 2:01-CR-739 TS, Docket No. 124.

[6] Case No. 2:01-CR-739 TS, Docket No. 131.  *See also United States v. Bush*, 405 F.3d 909 (10th Cir. 2005).

[7] Case No. 2:01-CR-739 TS, Docket No. 131.  *See also Bush*, 405 F.3d 909.

[8] Case No. 2:05-CV-646 TS, Docket No. 1.

that his criminal history category was incorrectly calculated, as he does now.  The Court denied his Motion on August 7, 2007.[9]  Defendant did not file a direct appeal of that decision.

Petitioner then filed Motion for Reconsideration[10] and an Amendment and Supplement to Motion for Reconsideration.[11]  In his Motion for Reconsideration, Defendant reargued the points addressed by the Court in its August 7, 2007 Order.[12]  For the same reasons set forth in that Order, Defendant's Motion for Reconsideration was denied.[13]

In his Amendment and Supplement to Motion for Reconsideration, Defendant raised an issue concerning the potential misconduct of a juror involved in his trial.  Defendant did not argue, as he does now, that the Court incorrectly calculated his criminal history category.  The Court construed this as a second or successive motion under § 2255 and transferred it to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  The Tenth Circuit denied authorization to file a second or successive § 2255 motion.[14]

---

[9] Case No. 2:05-CV-646 TS, Docket No. 13.

[10] Case No. 2:05-CV-646 TS, Docket No. 16

[11] Case No. 2:05-CV-646 TS, Docket No. 18.

[12] Case No. 2:05-CV-646 TS, Docket No. 13.

[13] Case No. 2:05-CV-646 TS, Docket No. 20.

[14] Case No. 2:05-CV-646 TS, Docket No. 29.  Though not relevant to this Motion, Defendant has successfully sought to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2).  *See* Case No. 2:01-CR-739 TS, Docket No. 160.

## II.  THE CURRENT MOTION

Defendant filed the instant Motion on September 15, 2008.  In his Motion, Defendant argues that the Court incorrectly calculated his criminal history category at sentencing.  In particular, Defendant objects to Paragraph 41 of his Presentence Report.

Paragraph 41 attributes one criminal history point based on Defendant's no contest plea to a theft of services charge.  As a result of that no contest plea, Defendant was sentenced to 180 days in jail and a $750 fine.  Both the jail time and fine were suspended and Defendant was ordered to pay $237 plus interest in restitution.  The same day that the sentence was imposed, restitution was paid, and probation was terminated.  Because of that sentence, the Presentence Report called for the addition of one criminal history point pursuant to United States Sentencing Guideline ("USSG")  § 4A1.1(c). Another criminal history point was added in Paragraph 22 and because Defendant committed the offense while on probation, parole, supervised release, work release, or escape status, two additional points were added pursuant to USSG 4A1.1(d).  This resulted in a criminal history score of four, which established a criminal history category of III.

Defendant now argues that the criminal history point called for in Paragraph 21 was improper.  Therefore, Defendant argues that his criminal history score should have only been a 3 and his criminal history category should have been a II.  As noted above, Defendant did not raise this issue at sentencing, on direct appeal, in his first § 2255, in his Motion for Reconsideration, or in his Amendment and Supplement to Motion for Reconsideration.

## III.  DISCUSSION

The first step the Court must take is determining under what provision Defendant makes his Motion.  "A district court does not have inherent authority to modify a previously imposed

sentence; it may do so only pursuant to statutory authorization."[15]  As Defendant has provided no statutory authority for his Motion, the Court must construe his Motion on its own.  As Defendant's Motion attacks his sentence, the Court construes his Motion as one being brought pursuant to 28 U.S.C. § 2255.  This is not, however, Defendant's first attempt to attack the validity of his sentence.  As set forth above, Defendant filed his original § 2255 Motion which the Court denied.  Defendant followed up with a Motion for Reconsideration, which the Court also denied.  Defendant proceeded with an Amendment and Supplement to Motion for Reconsideration, which the Court construed as a second or successive motion under § 2255 and transferred it to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  The Tenth Circuit denied authorization to file a second or successive § 2255 motion.  Like the Amendment and Supplement to Motion for Reconsideration, this too is a successive petition under § 2255.

Having construed Defendant's Motion as a § 2255 Motion and finding that it is a successive motion, the Court must decide whether it is in the interest of justice to transfer said Motion.  "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[16]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[17]  However, before transferring a second or successive motion under

---

[15]*United States v. Smartt,* 129 F.3d 539, 540 (10th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

[16]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[17]*Id*. at 1251.

5

§ 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[18]

The Tenth Circuit has delineated the factors a Court should consider in whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[19]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion and, as a result, the Court will dismiss the Motion for lack of jurisdiction.

A.   DEFENDANT'S MOTION IS TIME BARRED

Petitions pursuant to 28 U.S.C. § 2255 must be filed within one year after a defendant's conviction becomes final.  Defendant filed this Motion on September 15, 2008, well after the one-year limitations period had passed.  Thus, the new claim raised by Defendant in his Motion is untimely unless the date of its filing relates back to the date of his original petition pursuant to Fed.R.Civ.P. 15(c).[20]  The Tenth Circuit has held that an otherwise untimely amendment to a § 2255 Motion

> which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.[21]

---

[18] *See* 28 U.S.C. § 1631.

[19] *In re Cline*, 531 F.3d at 1251.

[20] *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503–05 (10th Cir. 2000).

[21] *Id*. at 505 (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

6

Here, Petitioner's Motion seeks to assert an entirely new theory.  For the first time in his Motion, Defendant claims that the Court erred in calculating his criminal history category.  As set forth above, Defendant has never raised this issue previously and it does not clarify or amplify any claim contained in his original Motion.  Thus, the Court finds that this Motion is barred by the statute of limitations.

B.     THE MOTION IS NOT LIKELY TO HAVE MERIT

Next, the Court considers whether the claims are likely to have merit.  In addition to the finding that the Motion is time barred, the Court finds that the Motion lacks merit for three fundamental reasons.  First, the Motion is procedurally barred.  Second,  the Motion does not meet the requirements of § 2255(h).  Third, Defendant's claim is wholly without merit.

   1.     *Procedural Bar*

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[22] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[23]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[24]

---

[22]*United States v. Frady*, 456 U.S. 152, 165 (1982).

[23]*United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[24]*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

Here, Defendant did not raise this issue at sentencing, on direct appeal, in his first § 2255, in his Motion for Reconsideration, or in his Amendment and Supplement to Motion for Reconsideration. Because of this, Defendant's Motion is procedurally barred, and can only be considered by the Court if the *Frady* factors set forth above are satisfied.

   a. <u>Cause and Prejudice</u>.

To be granted relief from the procedural bar under this analysis, a defendant must establish both cause *and* prejudice. Therefore, even if Defendant argues that he was prejudiced, he must also argue that sufficient cause existed in order for the Court to peer past the procedural bar.

> Complicating this cause-and-prejudice inquiry is the fact that the Supreme Court has never "attempted to establish conclusively the contours of the standard." Nevertheless, certain general guidelines have emerged from the Court's jurisprudence. A petitioner must first show "cause" for his failure to raise the legal claim in an earlier petition. Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings. The standard is an *objective* one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was "reasonably available" upon diligent inquiry.[25]

The Supreme Court has further clarified that the cause and prejudice standard "applies even in cases in which the alleged constitutional error impaired the truthfinding function of the

---

[25]*Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (internal citations omitted) (emphasis added).

trial."[26]  Further, the Supreme Court "has long understood the vital interest served by federal procedural rules, even when they serve to bar federal review of constitutional claims."[27]

"As for prejudice, a petitioner must show 'actual prejudice resulting from the errors of which he complains.'  More specifically, a petitioner must demonstrate 'actual prejudice resulting from the alleged constitutional violation.'"[28]

Here, Petitioner does not address his failure to raise this issue at any time prior to the filing of his Motion.  As a result, the Court finds that Petitioner has neither argued, nor produced any evidence that his efforts to raise this issue prior to this § 2255 appeal were impeded by some objective factor external to the defense, or that the factual or legal basis for a claim was not reasonably available to counsel during earlier proceedings.  Petitioner has not made any explanation for his failure to raise this issue at the appropriate time or in the appropriate context.  Defendant also has not claimed ineffective assistance of his counsel which would buttress his claims that something out of his control led to his failure to raise the issues before now.

Based upon the above, the Court further finds that Defendant has established neither cause nor prejudice under *Frady*[29] which would excuse his procedural default.  Therefore, Defendant's claims are procedurally barred.

---

[26] *Coleman v. Thompson*, 501 U.S. 722, 747 (1991).

[27] *Id*. at 751 (emphasis omitted) (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principal is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.")).

[28] *Johnson v. Champion*, 288 F.3d 1215, 1226-27 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 168, and *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

[29] 456 U.S. at 167-68.

      b.      <u>Fundamental Miscarriage of Justice</u>.

In order to establish a "fundamental miscarriage of justice," Defendant must make a colorable showing of innocence.[30] Indeed, the Tenth Circuit has stated that "the § 2255 movant who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error 'has probably resulted in the conviction of one who is actually innocent.'"[31]

Here, Defendant does not argue that he was innocent. Given the Court's findings herein, the Court further finds no miscarriage of justice in this case which would remove the *Frady* procedural bar.

    *2.*    *28 U.S.C. § 2255(h)*

Section 2255(h) requires a federal prisoner seeking authorization to file a second or successive petition to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[32] or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[33]

Defendant's Motion does not meet the criteria of Section 2255(h).

---

[30] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[31] *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002).

[32] 28 U.S.C. § 2255(h)(a).

[33] *Id*. § 2255(h)(b).

      3.      *Defendant's Claim*

In addition to the above, Defendant's Motion is wholly without merit. As set forth above, Defendant objects to Paragraph 41 of the Presentence Report. That paragraph assessed one criminal history point based on Defendant's no contest plea to a theft of services charge pursuant to USSG § 4A1.1(c).

Section 4A1.1(c) provides that one criminal history point is added for each "prior sentence" not counted in Sections 4A1.1(a) or (b). Section 4A1.2(a) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense"[34] and specifically provides that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."[35]

Defendant bases his objections to the addition of the criminal history point contained in Paragraph 41 on two guideline provisions: Sections 4A1.2(b) and 4A1.2(c). Section 4A1.2(b) defines the phrase "sentence of imprisonment" and provides as follows:

> (1) The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.
> (2) If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

Application Note 2 clarifies that in order to qualify as a "sentence of imprisonment," the defendant must have actually served a period of imprisonment.

Section 4A1.2(c) sets forth which sentences are counted and which are excluded. It provides:

---

[34] USSG § 4A1.2(a)(1).

[35] *Id*. § 4A1.2(a)(3).

> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>
>> Careless or reckless driving
>> Contempt of court
>> Disorderly conduct or disturbing the peace
>> Driving without a license or with a revoked or suspended license
>> False information to a police officer
>> Fish and game violations
>> Gambling
>> Hindering or failure to obey a police officers
>> Insufficient funds check
>> Leaving the scene of an accident
>> Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)
>> Non-support
>> Prostitution
>> Resisting arrest.
>> Trespassing.

Defendant argues that inclusion of his theft of services was improper because it is a misdemeanor offense, he was not sentenced to a term of probation of at least one year or a term of imprisonment of at least thirty days, and he did not serve a period of imprisonment.

Defendant's argument is based on an incorrect reading of the sentencing guidelines. Defendant refers to guideline provisions which are simply inapplicable. Defendant's prior conviction was counted as a "prior sentence" under USSG § 4A1.1(c), not a "prior sentence of imprisonment" under Section 4A1.1(a) or (b). Thus, the definition of a "sentence of imprisonment" as set forth in USSG § 4A1.2(b) is inapposite. Rather, it is the definition of "prior sentence" which is important here. As discussed above, a "prior sentence" includes a conviction for which the imposition or execution of the sentence was totally suspended.

Further, USSG § 4A1.2(c)(1) sets forth limitations on the use of certain named or similar offenses. In particular, if a sentence was based on one of the misdemeanor or petty offenses listed in that provision, or a similar offense, it will only be counted if the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days. Defendant's sentence was for theft of services, which is not one of the offenses set forth in USSG § 4A1.2(c)(1), nor is it similar to one of those offense. Therefore, the restrictions contained in that provision do not apply.

Based on the above, the Court finds that Defendant's claims are not likely to have merit.

C.  DEFENDANT HAS NOT ACTED IN GOOD FAITH

The history of this Defendant's filings has been set forth above. Defendant has had multiple occasions to raise this issue, but has failed to do so. Based on this, the Court finds that Defendant's most recent filing is not brought in good faith.[36]

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is not in the interest of justice to transfer Defendant's Motion. It is therefore

ORDERED that Defendant's Motion for Modification of Term of Imprisonment (Docket No. 161) is DISMISSED for lack of jurisdiction.

---

[36] *See In re Cline*, 531 F.3d at 1252 (finding that court could conclude that an unauthorized filing was not made in good faith where courts had repeatedly explained the authorization requirements to defendant).

DATED   October 6, 2008.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge